

U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Northern Division*

Rod J. Rosenstein
United States Attorney
Judson T. Mihok
Assistant United States Attorney
Judson.Mihok@usdoj.gov

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4903
MAIN: 410-209-4800
FAX: 410-962-3091
TTY/TDD: 410-962-4462

November 8, 2013

Ms. Katherine Tang Newberger
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201

    Re:    United States v. David Ralph Fisher, Criminal No. JKB 13-0379

Dear Ms. Newberger:

    This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by November 15, 2013, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

    1.    The Defendant agrees to plead guilty to Counts One and Eleven of the Indictment, which charges him with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), respectively. The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offenses

#### Count One-Production of Child Pornography

    2.    The elements of Count One to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

That on or about the dates specified in the Indictment in the District of Maryland, the Defendant:

  a. Knowingly employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct;

  b. For the purpose of producing a visual depiction of such conduct;

  c. And the Defendant had reason to know that the materials used to produce the visual depictions were transported in interstate and foreign commerce.

Count Eleven-Attempted Coercion and Enticement of a Minor

3. The elements of Count Eleven to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

That on or about the dates specified in the Indictment in the District of Maryland, the Defendant:

  a. Knowingly used a facility or means of interstate commerce to persuade, induce, entice or coerce an individual under the age of eighteen (18) to engage in sexual activity; and

  b. Believed that said individual was less than eighteen (18) years of age; and

  c. Could have been charged with a criminal offense for engaging in the specified sexual activity.

4. Penalties

  a. The sentence provided by statute for Count One is not less than fifteen (15) years and not more than thirty (30) years imprisonment, a $250,000 fine, and supervised release of at least five (5) years and not more than life. The sentence provided by statute for Count Eleven is not less than ten (10) years and not more than life imprisonment, a $250,000 fine, and supervised release of at least five (5) years and not more than life. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013 per count of conviction, which will be due and should be paid at or before the time of sentencing. This Court may also order the Defendant to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless,

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine,

pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

      b. The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

5. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

      a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

      d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to

---

unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

  6. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

  7. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

4

      a.    <u>Count One-Production of Child Pornography</u>

           i.    The base offense level is thirty-two (32) pursuant to U.S.S.G. § 2G2.1(a).

           ii.    Pursuant to U.S.S.G. §2G2.1(b)(1)(B), there is a two (2) level increase because the victim in this case was over 12 but under 16 years old at the time of the offense.

           iii.    Pursuant to U.S.S.G. §2G2.1(b)(3), there is a two (2) level increase because the offense involved distribution.

           iv.    Pursuant to U.S.S.G. §2G2.1(5), there is a two (2) level increase because the minor was in the custody, care or supervisory control of the defendant.

           v.    Therefore, the final adjusted offense level is thirty-eight (38).

      b.    <u>Count Eleven-Attempted Coercion and Enticement of a Minor</u>

           i.    The base offense level is twenty-eight (28) pursuant to U.S.S.G. §2G1.3.

           ii.    Pursuant to U.S.S.G. §2G1.3(b)(3), there is a two (2) level increase because the offense involved the use of a computer.

           iii.    Therefore, the final adjusted offense level is thirty (30).

      c.    <u>Relevant Conduct-Possession of Child Pornography</u>

           i.    The base offense level is eighteen (18) pursuant to USSG §2G2.2(a)(1).

           ii.    Pursuant to USSG §2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

           iii.    Pursuant to USSG §2G2.2(b)(3)(B), there is a five (5) level increase because the offense involved distribution for the receipt or expectation of receipt of a thing of value.

           v.    Pursuant to USSG §2G2.2(b)(6), there is a two (2) level increase because the possession involved the use of a computer.

      vi. Pursuant to USSG §2G2.2(b)(5), there is a five (5) level increase because the conduct involved a pattern of activity involving the sexual exploitation of a minor.

      vii. Pursuant to USSG §2G2.2(b)(7)(D), there is a five (5) level increase because the number of images exceeds 600.

      viii. Thus, the final adjusted offense level is thirty-seven (37).

  d. <u>Relevant Conduct/Combined Offense Level</u>

    Because the Production of Child Pornography involved two victims, the conduct specifically does not group pursuant to U.S.S.G. §3D1.2, two levels are added. In addition, the Possession of Child Pornography, which has an adjusted base offense level between one (1) and four (4) levels lower than the Production base offense level, adds one (1) unit pursuant to U.S.S.G. §3D1.4. The Attempted Coercion and Enticement of a Minor, which has an adjusted base offense level eight (8) levels lower than the Production of Child Pornography adjusted base offense level, adds one-half unit (½ unit) pursuant to U.S.S.G. §3D1.4. The result is a four (4) level increase to the Production of Child Pornography adjusted base offense level of thirty-eight (38), which results in an adjusted base offense level of forty-two (42).

  e. Before any adjustment for acceptance of responsibility, the adjusted offense level is forty-two (42).

  8. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**The final adjusted offense level, therefore, is thirty-nine (39).**

  9. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income. The Government and the Defendant agree that the Defendant's conviction for Driving Under the Influence, for which he received a

sentence of probation before judgment, a $500 fine, and one year of supervised probation, to the extent it receives more than 1 criminal history point, such assessment will over-represent the criminal history points that should be assessed for this offense. This agreement does not extend to any other criminal conviction.

10. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, there are no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines which will be raised or are in dispute.

### Obligations of the United States Attorney's Office

11. At the time of sentencing, the United States Attorney's Office will recommend a reasonable sentence, likely within the contemplated advisory Sentencing Guidelines range, plus a lifetime period of supervised release.

12. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Waiver of Appeal

13. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. §1291 or otherwise, to appeal the Defendant's conviction.

b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the U.S.S.G. range provided for at adjusted offense level 39, taking into consideration the Defendant's Criminal History Category as determined by the Court, while reserving the right to appeal if the Court bases the Defendant's Criminal History Category on the finding that the Defendant's Driving Under the Influence conviction (supra at paragraph 9) should receive more than 1 criminal history point under 4A1.1(a)-(d) ; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the U.S.S.G. range provided for at adjusted offense level 39, taking into consideration the Defendant's Criminal History Category as determined by the Court.

c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

<u>Obstruction or Other Violations of Law</u>

14.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

<u>Court Not a Party</u>

15.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the

prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Forfeiture

16. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on November 20, 2012, and from his person and vehicle on April 11, 2013, including, but not limited to: one (1) HP Pavilion Slimline s7700N PC, s/n CNH6522MHL, made in China, containing a Seagate 250 GB hard drive, s/n 9QE18GZN, made in Thailand; one (1) Sony laptop, model: PCG 7141L, service tag: C6U060DM, made in china, containing a Samsung 250GB hard drive, s/n: S1KJJ10Q80555S, made in Korea; one (1) Iomega external hard drive 1 TB, s/n THBK454712, made in China; one (1) Nokia cell phone, model 6030, FCC ID: QTLRM-225, made in Mexico; and one (1) Motorola Tracfone cell phone, MSN#K78USJ2QQH, IMEI: 012907005963774, made in China. The Defendant further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

### Restitution

17. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Entire Agreement

18. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those

set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,
Rod J. Rosenstein
United States Attorney

By: _____
Judson T. Mihok
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

11-22-13
Date

_____
David Ralph Fisher

I am Mr. Fisher's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

11/22/13
Date

_____
Ms. Katherine Tang Newberger